FIRST NAT. BANK OF DAWSON v. BERRY et al.   (No. 8379.)

(Court of Civil Appeals of Texas. Dallas. June 12, 1920. Rehearing Denied July 3, 1920.)

Bills and notes ☞537(8)—Question of payment for jury.

In a bank's suit on a note, where the evidence did not conclusively show plaintiff bank's predecessor ever received credit for the note, but left the matter in doubt, and was so confusing that the Court of Civil Appeals cannot determine the true status of the matter, the trial court erred in directing verdict for defendants, and should have submitted the case to the jury on the issue raised.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Suit by the First National Bank of Dawson against W. E. Berry and others. From judgment for defendants, plaintiff appeals. Reversed, and cause remanded.

S. M. Kerr and L. B. Cobb, both of Corsicana, for appellant.

W. E. Spell, of Waco, and Richard Mays, of Corsicana, for appellees.

RAINEY, C. J. This suit was brought by appellant against appellee on a note for $5,000. It was alleged in substance that the Hubbard Farmers' Oil & Gin Company was indebted to the First State Bank; that a receiver had been appointed for said gin and oil company, which was insolvent; and that in order to secure a loan, to aid the receiver, this note was executed to the Dawson State Bank, which was subsequently succeeded by the First National Bank of Dawson, and became the owner of said note.

Appellees' answer alleges:

"That the note was without consideration to them, but was for the purpose of collateral security, or mortgage in nature of suretyship, to the Dawson State Bank, for credit extended to said receiver, for the period between the making advances and the delivery of the receiver certificate, at which time suretyship should terminate, and that said note was never protested, and denied that the plaintiff was the owner of the note or had ever paid value for it; alleged that the Dawson State Bank had agreed with the receiver to make him advances, and take his certificate as security therefor, and that the bank loaned the receiver $5,000 upon said certificate as its sole security; and further alleged that during the time elapsing between Dawson State Bank's agreement to advance money to receiver and its receipt of said certificate, the bank made him advances or allowed him to overdraw, and that, upon request of officers of the bank, appellees made said note to be temporarily held to satisfy the banking authorities, and that the purposes of said note were to terminate when the certificate should be delivered. That the certificate

was delivered, and it was then stated and agreed that defendants' liability on the note was at an end."

And also pleaded res adjudicata.

The court gave the jury a peremptory charge to find for appellees, from which this appeal is taken.

Appellant complains in its first, second, third, and fourth assignments of error that the judgment in the case of First State Bank of Hubbard v. Hubbard Farmers' Oil & Gin Co. et al. was res adjudicata. These assignments present various propositions why the judgment of the court was erroneous.

The record contains no finding of the court, consequently we cannot tell what was in the court's mind when he passed on the evidence.

The appellees contend that the evidence shows conclusively that the note had been paid by the receiver.

We state, however, that we have read the evidence, but we do not find that it is conclusively shown that the Dawson State Bank ever received credit for the note. While some parts of cashier Dunn's testimony seem to intimate in some places that the note was paid, in other places it leaves the matter in doubt, and it is so confusing that we cannot determine the true status of the matter. Finding the evidence in this condition, we hold that the court erred in directing a verdict, but should have submitted the case on the issue raised.

The judgment is therefore reversed, and cause remanded.